UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER BURKE, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:14-CV-01257 (VLB) |
| v. | : | |
| | : | |
| JOETTE KATZ, | : | |
| JOYCE WELCH, | : | |
| MICHAEL WOOD, | : | |
| BRENDA PARTYKA | : | |
|     Defendants. | : | January 16, 2015 |

**MEMORANDUM OF DECISION GRANTING DEFENDANTS' [Dkt. #14] MOTION TO DISMISS**

**I.      Introduction and Factual Background**

Plaintiff Christopher Burke ("Burke"), an African-American male, brings this discrimination and retaliation action under 42 U.S.C §§ 1981 and 1983 against Defendants Joette Katz ("Katz"), Michael Wood ("Wood"), and Brenda Partyka ("Partyka"), employees of the State of Connecticut Department of Children and Families ("DCF"), and Joyce Welch ("Welch"), the superintendent of Riverview Hospital, in their official and individual capacities.

Prior to his termination in March 2009, Burke was employed by DCF as a child services worker ("CSW"). [Dkt. #1, Compl. at ¶ 11]. As a CSW, Burke was assigned to work in the children's psychiatric residential treatment and evaluation program at Riverview Hospital. [*Id.* at ¶ 12]. On or about December 28, 2008, three female children at Riverview Hospital made a claim of misconduct against Burke. [*Id.* at ¶ 15]. Thereafter, DCF investigated the claim. [*Id.* at ¶ 16]. Two of the defendants, Wood and Partyka, participated in the investigation. [*Id.*

1

at ¶¶ 17, 19]. During the course of this investigation, several Caucasian workers alleged that Burke had engaged in sexual harassment or other inappropriate conduct. [*Id.* at ¶ 20]. However, Burke asserts that those allegations were false, concerned events that had allegedly occurred several years prior to the investigation, and were generated for the purpose of disproportionately disciplining him on the basis of his race. [*Id.* at ¶¶ 20, 21, 25, 27]. Following the investigation, on March 18, 2009, Burke was terminated for his alleged misconduct, which included neglect of duty and sexual harassment. [*Id.* at ¶ 22]. Burke asserts that his termination was racially motivated because "similarly situated Caucasian employees who have been accused of inappropriate conduct including sexual harassment of staff and employment related misconduct have not been terminated." [*Id.* at ¶ 23].

Burke filed his Complaint on September 1, 2014—over five years after he was terminated. [*Id.* at 1]. The Complaint brings two counts of employment discrimination and one count of retaliation under section 1983, and one count each of employment discrimination and retaliation under section 1981. [*Id.* at 5-6]. On November 25, 2014 the Defendants moved to dismiss the Complaint. *See* [Dkt. #14]. Defendants contend that the Complaint must be dismissed because each of Burke's claims is barred by the applicable statute of limitations. [Dkt. #14-1 at 3]. Defendants also maintain that Burke's claims against them in their official capacities are precluded by the Eleventh Amendment and insufficient service of process. [*Id.* at 4-5]. Burke did not submit any opposition to the Defendants' motion. Burke similarly failed to respond to the Defendants' Motion

to Stay Discovery, which was filed on December 1, 2014, see [Dkt. #15], and was predicated on the likely dismissal of his claims as time-barred.  See [Dkt. #15-1 at 2-3].

Burke's inaction is particularly troubling because the Court had expressly ordered Burke to submit a response to the Motion to Stay.  [Dkt. #16].  The Order also alerted Burke to the Court's concern that his claims might be time-barred and the basis for its concern.  [*Id.*].  Yet no response was ever submitted.  The Defendants have since filed a second Motion to Dismiss, based on Burke's failure to comply with this Court's Order and their position that his claims are time-barred.  *See* [Dkt. #18].  Burke has not responded to this filing either.  Notwithstanding the Defendants' motions and this Court's prompting, Burke continues to offer no support for his position that his claims are timely.  For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

II.   **Standard of Review**

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Sarmiento v. U.S.*, 678 F.3d 147 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am.*

4

*Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

   III.    Analysis

       a.   Burke's Claims Under Sections 1983 and 1981 Are Time-Barred

42 U.S.C. § 1981 prohibits discrimination "with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 224 (2d Cir. 2004). To successfully plead a section 1981 employment discrimination claim, a plaintiff must show: (1) that he is a member of a protected class; (2) he was qualified for his position; (3) that he suffered an adverse employment action; and (4) the circumstances of the adverse action give rise to an inference of discrimination based on his membership in the protected class. *Hyunmi Son v. Reina Bijoux, Inc.*, 823 F. Supp. 2d 238, 242 (S.D.N.Y. 2011).

Section 1981 also provides a cause of action for individuals who are retaliated against for complaining about discrimination. *See Fouche v. St. Charles Hospital*, No. 14-CV-02492 (ADS)(ARL), 2014 WL 6980021, at *4 (E.D.N.Y. Dec. 10, 2014). A section 1981 retaliation claim requires proof of the same substantive elements as a Title VII retaliation claim, which are (1) the plaintiff's participation in a protected activity; (2) the defendant's knowledge of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. *Gomez v. City of New York*, No. 12-CV-6409 (RJS), 2014 WL 4058700, at *5 (S.D.N.Y. Aug. 14, 2014).

The statute of limitations applicable to a section 1981 claim depends on whether the claim was made possible by a post-1990 enactment to section 1981. If so, the statute of limitations is four years, pursuant to the catchall provision in 28 U.S.C. § 1658(a).  *See Hardy v. Town of Greenwich*, No. 3:06cv833 (MRK), 2008 WL 5117370, at *9 (D. Conn. Dec. 3, 2008).  Otherwise, the statute of limitations applicable to such a claim arising in Connecticut is three years.  *See Lewis v. State of Connecticut Dep't of Corrections*, 355 F. Supp. 2d 607, 621 n. 10 (D. Conn. 2005).  A plaintiff's section 1981 claim accrues, and the limitations period begins to run, when the plaintiff has notice of the act that is claimed to have caused the injury.  *Anatsui v. Food Emporium*, No. 99 Civ. 1337 (JGK), 2000 WL 1239068, at *5 (S.D.N.Y. Sept. 1, 2000) (quotation and citation omitted).  In the employment context, claims typically accrue on the date the employer notifies the employee that he is being terminated.  *See Copeland v. New York City Bd. of Educ.*, No. 03 Civ. 9978 (DAB), 2005 WL 3018267, at *4 (S.D.N.Y. Nov. 8, 2005).

Section 1983 prohibits persons acting under color of state law from depriving individuals of rights, privileges, and immunities secured by the United States Constitution and statutes.  *Gibbs-Alfano v. Burton*, 281 F.3d 12, 16 (2d Cir. 2002).  Claims of employment discrimination and related retaliation under section 1983 require proof of the same elements as such claims brought under section 1981.  *See Taylor v. Waterbury Bd. of Educ.*, No. 3:05-cv-01039 (WWE), 2007 WL 1306546, at *2 (D. Conn. May 3, 2007) (reciting the elements of a section 1983 employment discrimination claim); *Benjamin v. City of Yonkers*, No. 13 CV 8699

6

(VB), 2014 WL 6645708, at *3 (S.D.N.Y. Nov. 24, 2014) (articulating the elements of a retaliation claim under section 1983).

Section 1983 claims which arise in Connecticut are governed by a three-year statute of limitations. *Woodbury v. Johnson*, No. 3:13-CV-912 (JCH), 2014 WL 2871583, at *2 (D. Conn. Jun. 23, 2014). Section 1983 claims accrue when the conduct causes harm and the claimant knows or has reason to know of the conduct and the resulting harm. *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994). In the context of a wrongful termination where violations of civil rights are asserted, the limitations period begins to run when the employee receives notice that the adverse decision has been made. *Halpern v. Bristol Bd. of Educ.*, 52 F. Supp. 2d 324, 329 (D. Conn. 1999).

The discriminatory conduct which forms the basis of Burke's claims commenced sometime after December 28, 2008, when the female patients made their complaint against him, and ceased on March 18, 2009, when he was fired. *See* [Dkt. #1 at ¶¶ 15, 22]. Burke filed his Complaint on September 1, 2014, *see* [*id.* at 1], over five years after his termination date. Accordingly, none of his claims are timely. *See Lawson v. Rochester City School Dist.*, 446 Fed. App'x 327, 328 (2d Cir. 2011) (affirming district court's dismissal of section 1981 and 1983 claims on statute of limitations grounds where the adverse employment actions, which included an internal investigation and the plaintiff's termination, occurred more than four years prior to the initiation of the lawsuit).

While the Complaint does allege that from "January 1, 1998 to the present," "DCF has [had] a policy, pattern and practice of subjecting . . . African-American

male employees to harsher discipline," [Dkt. #1, Compl. at ¶ 28], and has "engage[d] in an unlawful pattern of racial discrimination in its recruitment, hiring and discipline of black, African American social workers," [*id.* at ¶ 29], these allegations are not sufficient to extend the limitations period of Burke's claims beyond his termination date for at least two reasons.  First, the allegations do not trigger the continuing violation doctrine.  Second, as an individual litigant and not as a representative of a class, Burke is precluded from bringing a pattern-or-practice of discrimination claim.

The continuing violation doctrine holds that, "if a plaintiff has experienced a continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it."  *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) (quotations and citations omitted).[1]  However, where applicable, "the continuing violation doctrine [] implicate[s] only those acts directly affecting [the] plaintiff[]."  *Washington v. County of Rockland*, 373 F.3d 310, 318 n.3 (2d Cir. 2004).  As Burke was terminated on March 18, 2009, discriminatory acts taken after this date by DCF, a non-party, would not have directly affected him.  *See Chahales v. City of New York*, No. 04-CV-4268 (SLT), 2006 WL 681210, at *5 (E.D.N.Y. Mar. 15, 2006) (declining to apply continuing violation doctrine where the discriminatory conduct that was timely merely benefited one of the defendants and "did not

---

[1] Although developed in the Title VII context, courts in this Circuit apply the continuing violation doctrine to section 1981 and 1983 claims.  *See, e.g., Melchner v. Town of Carmel*, No. 13 CV 8164 (VB), 2014 WL 6665755, at *2 (S.D.N.Y. Nov. 21, 2014) (applying doctrine to section 1983 claim); *Thompson v. Metro. Life Ins. Co.*, 149 F. Supp. 2d 38, 54-55 (S.D.N.Y. 2001) (applying doctrine to section 1981 claim).

affect plaintiff"). Therefore, Burke cannot rely on any post-termination conduct to toll the statute of limitations.

Burke also may not repackage his untimely claims together with subsequent timely claims under a pattern-or-practice theory, because this liability theory is not available to private, non-class plaintiffs, like Burke. *See Chin v. Port Auth. of N.Y. & N.J. Inc.*, 685 F.3d 135, 146 (2d Cir. 2012) ("[N]o such pattern-or-practice theory of liability is available to [] private, non-class plaintiffs."); *see also Deras v. Metro. Transp. Authority*, No. 11-CV-5912 (RRM) (CLP), 2013 WL 1193000, at *7 n.3 (E.D.N.Y. Mar. 22, 2013) (dismissing pattern-or-practice claim filed by a private non-class plaintiff without leave to replead); *accord Daniels v. United Parcel Service, Inc.,* 701 F.3d 620, 632 (10th Cir.2012) (collecting cases across several circuits)

## IV.    Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [Dkt. #14] is GRANTED. The Clerk is directed to close the case file.

IT IS SO ORDERED.

_____/s/_____<br>Hon. Vanessa L. Bryant<br>United States District Judge

Dated at Hartford, Connecticut: January 16, 2015